# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**October 11, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **H.C., G.C., and H.S.**

**No. 16-0586** (Jackson County 15-JA-115, 15-JA-116, & 15-JA-117)

## MEMORANDUM DECISION

Petitioner Mother E.S., by counsel Lauren A. Estep, appeals the Circuit Court of Jackson County's May 19, 2016, order terminating her parental rights to four-year-old H.C., three-year-old G.C., and one-year-old H.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Ryan M. Ruth, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion for an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against the parents. According to the petition, H.S.'s grandmother and great-grandmother took H.S. to the emergency room due to the swelling of her head. Following an examination, a doctor indicated that H.S. had non-accidental head trauma consistent with "shaken baby syndrome." The petition also alleged that petitioner failed to seek appropriate medical treatment for H.C. and G.C., who were diagnosed with scabies; abused illegal drugs; and left her children with inappropriate caregivers. Several days later, the DHHR filed a court summary indicating that petitioner missed two drug screens. The multidisciplinary team also submitted a report stating that petitioner was in denial about H.S.'s injuries and that she is not taking services seriously. Following a preliminary hearing, the circuit court granted petitioner supervised visitation subject to passing drug screens.

In February of 2016, petitioner submitted to a psychological evaluation. The psychologist indicated that "[petitioner] failed to accept responsibility for her actions and instead placed

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

blame on others or made excuses." Thereafter, the DHHR filed an amended petition alleging that petitioner failed to seek necessary medical care for H.S.'s clubbed feet. Specifically, the DHHR asserted that H.S. had to undergo a surgical procedure to correct her clubbed feet due to petitioner's non-compliance with the treatment plan for H.S.'s clubbed feet. Subsequently, the circuit court held an adjudicatory hearing during which it heard testimony from multiple witnesses. A service coordinator testified that she had to reduce the number of services for H.S. because petitioner missed multiple service appointments. A family member also testified the she noticed "needle marks" on petitioner's arms. Finally, the circuit court incorporated the testimony from the preliminary hearing during which Dr. Marsh testified that H.S.'s subdural hematomas were a result of "non-accidental trauma." After taking evidence, the circuit court adjudicated petitioner as an abusing parent.[2]

In April of 2016, the circuit court held a dispositional hearing during which it heard evidence that petitioner failed to acknowledge H.S.'s injuries. By order entered on May 19, 2016, the circuit court terminated petitioner's parental rights to her children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her an improvement period. Petitioner asserts that she complied with services, passed all of her random drug screens, obtained employment, and moved to a stable home during the underlying proceedings. While this may be true, the record is clear that the circuit court based its denial on petitioner's failure to acknowledge her role in H.S.'s abuse and the fact that she failed to acknowledge the abuse makes clear that services could not correct the underlying conditions of abuse and neglect. This is in keeping with our prior decisions, wherein we have held that

---

[2]Petitioner did not testify.

2

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, the circuit court was presented with testimony that "[petitioner] failed to accept responsibility for her actions and instead placed blame on others or made excuses" and failed to keep service appointments for H.S. Based upon all of the above, it is clear that the circuit court did not err in denying petitioner an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 19, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: October 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II